# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jackie Westenberger, <br><br> Plaintiff <br><br> v. <br><br> Albertson's LLC, <br><br> Defendant | Case No.: 2:17-cv-02661-JAD-BNW <br><br> **Order Granting Defendant's Motions for Summary Judgment and to Strike Plaintiff's Expert Witness's Report and Testimony** <br><br> [ECF Nos. 27, 34] |

## Introduction

Plaintiff Jackie Westenberger sues Albertson's LLC for injuries that she claims she sustained when she slipped and fell at an Albertson's grocery store. Albertson's moves for summary judgment, arguing that Westenberger can't prove that the store breached its duty to her because she has no evidence that there was something "slick" on the floor, that it caused her fall, or that the store had notice of the alleged hazardous condition. It also moves to strike the report and testimony of Westenberger's expert witness, who opines that the store spoliated evidence by failing to preserve the floor tiles during its planned remodel in the months following Westenberger's fall. Westenberger responds that there is a genuine issue of material fact whether the store had notice of the alleged hazardous condition on the floor based on skid marks and debris in surveillance photos, a sweep log showing that more than 45 minutes had passed since the last inspection, and the adverse-inference instruction in her spoliation motion she hoped the court would grant.

But the magistrate judge denied Westenberger's spoliation motion and she did not challenge that decision, so she cannot rely on an adverse-inference spoliation instruction as a

substitute for evidence. Her expert's opinions are no help to her because they are improper legal conclusions. And because there is no evidence that the store caused, knew about, or should have known about the spill, Westenberger cannot prove her negligence claim. So I grant both of the defendant's motions, direct the entry of judgment in favor of Albertson's, and close this case.

**Background**

**A.     Westenberger's fall**

While grocery shopping at an Albertson's grocery store in Las Vegas, Nevada, on December 3, 2015,[1] "something made [Westenberger] slide."[2] She tried to grab on to a nearby stand to catch herself, but she "slid down and fell on [her] arm."[3] Westenberger claims that she immediately felt pain and started screaming.[4] While on the ground, she did not notice anything that would have caused her to fall.[5] The store's cameras recorded the fall and pictures were taken of the incident,[6] but the three Albertson's employees who responded to the incident all stated that they did not see any water or debris on the floor.[7]

**B.     The evidence-preservation request**

About six weeks after Westenberger's fall, her attorney sent Albertson's a letter requesting copies of its "Guest Accident/Incident Report, witness statements, and photographs for this accident, along with [its] floor sweep inspection logs for the date of the incident."[8] The

---

[1] ECF No. 32-1 at 12.
[2] *Id*.
[3] *Id*.
[4] *Id*. at 14.
[5] *Id*.
[6] *Id*. at 15, 17; ECF No. 27-4.
[7] ECF Nos. 27-5, 27-6, 27-7.
[8] ECF No. 34-6 at 2.

2

letter asked the grocery store to preserve the employment records for employees who were on duty the day of the incident and recordings of the fall.[9] Westenberger's counsel also warned Albertson's that its failure to preserve such evidence would "result in a presumption of liability against [the] company as well as a separate action against [the] company for spoliation of evidence."[10]

**C.    Plaintiff's spoliation expert**

Westenberger's counsel retained Dr. Bosch of Forensic Engineering Incorporated to investigate the incident at the grocery store.[11] Dr. Bosch reviewed documents, technical codes, and standards on walkway safety.[12] However, when Dr. Bosch and his team arrived at the store to inspect the scene on November 5, 2018, defense counsel informed them "that the subject floor tile had been removed and destroyed"[13] during a planned remodel that began in early 2016.[14] Defense counsel stated that it would attempt to find and provide remaining or similar tiles to Dr. Bosch.[15]

Despite not inspecting the old tiles, Dr. Bosch reached conclusions about the incident based on industry standards from the American Society for Testing and Materials (ASTM). ASTM E 1188 provides "standards for the collection and preservation of information and physical items by any technical investigator pertaining to an incident that can be reasonably

---

[9] *Id.*
[10] *Id.*
[11] ECF No. 34-11 at 6.
[12] *Id.*
[13] *Id.* at 12.
[14] ECF No. 34-4 at 3–4; ECF No. 34-3 at 3.
[15] ECF No. 34-12 at 2.

3

expected to be the subject of litigation."[16] The standard also states that a technical investigator should take certain steps to protect physical evidence and use photographs or video to document the scene of an incident and its condition.[17] ASTM E 860 provides additional standards for the protection of evidence during testing, examination, or other actions that can likely affect its condition.[18] It also requires the technical investigator to inform the client and recommend the client inform "other parties in interest" of the activity to allow the interested parties to participate or witness the action.[19]

Dr. Bosch made the following conclusions in his report based on the ASTM standards, each of which the store objects to as either an improper legal conclusion, unreliable, or irrelevant:

> 6.1 Albertsons Companies, LLC violated the requirements of ASTM E 1188 and ASTM E 860 when it spoliated subject floor tiles.
>
> 6.2 Albertsons Companies, LLC violated the requirements of ASTM E 1188 and ASTM E 860 by removal and destruction of the subject floor tiles without giving notice to, and providing adequate time, for plaintiff Westenberger to complete her investigation, examination and testing of the subject floor tiles.
>
> 6.3 If Albertsons Companies, LLC felt there were compelling reasons to complete its unilateral spoliation of the evidence, it was obligated to provide documentation of its reasons, which it has failed to do.
>
> 6.4 It is understood that defense counsel will provide some number of new old stock (NOS) tiles to FEI for examination, measurement and analyses.

---

[16] ECF No. 34-11 at 14.
[17] *Id.*
[18] *Id.* at 14–15.
[19] *Id.* at 15.

4

>     6.5 Forensic Engineering, Inc. will issue a supplemental report
>     after completing its examination and slip resistance measurement
>     of the promised NOS tiles.[20]

Dr. Bosch also concluded that, based on the Black's Law Dictionary definition of "spoliation of evidence," Albertson's had "unequivocally and undeniably" spoliated evidence by prematurely and unnecessarily removing an destroying the tiles even though Westenberger requested that the store preserve relevant evidence.[21] Dr. Bosch also concluded that Albertson's was required to give "compelling reasons" for its decision to remove the tiles and that the tiles were necessary for him to "determine the slip resistance."[22]

## Discussion

Albertson's moves to exclude Dr. Bosch's spoliation opinions and for summary judgment in its favor based on the lack of evidence about the substance that Westenberger allegedly slipped on. Because Westenberger's opposition to summary judgment relies on her expert's conclusion that the defendant impermissibly destroyed evidence and assumes that the court would have granted her (ultimately unsuccessful) spoliation motion, which was pending at the time she filed her opposition, I first consider the store's challenge to Westenberger's expert's report and testimony before turning to its summary-judgment motion.

**A.  Dr. Bosch is not authorized to give the legal conclusion that the defendant spoliated evidence.**

Albertson's moves to strike Dr. Bosch's report and testimony, arguing that his conclusions 6.1 through 6.3, which state that the store violated ASTM E standards 1188 and 860

---

[20] ECF No. 34 at 5.

[21] ECF No. 34-11 at 13.

[22] *Id*. at 16.

5

when it "spoliated the subject floor tiles" without explanation and before Westenberger could investigate them, are inadmissible legal conclusions.[23] Westenberger, who planned to use Dr. Bosch's report to obtain an adverse instruction against Albertson's, responds that these aren't legal conclusions because Dr. Bosch was merely explaining how to prevent spoliation based on the ASTMs and highlighting the store's failure to preserve the tiles.[24]

Federal Rule of Evidence 702 governs the admissibility of expert-witness testimony.[25] One requirement for admissibility is that the expert testify only about "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue."[26] Essentially, this rule is a relevancy requirement. Evidence is relevant under FRE 401 if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[27]

FRE 702 also requires expert-witness testimony to be "based on sufficient facts or data" and the "product of reliable principles and methods," and that the "expert has reliably applied the principles and methods to the facts of the case."[28] But an expert cannot testify about a matter of law that results in a legal conclusion because "'[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge.'"[29] And whether a party has spoliated

---

[23] ECF No. 34 at 6–8.

[24] ECF No. 35 at 11–12.

[25] Fed. R. Evid. 702.

[26] Fed. R. Evid. 702(a); *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015).

[27] Fed. R. Evid. 401.

[28] Fed. R. Evid. 702(b)–(d).

[29] *Tamman*, 782 F.3d at 552; *see also Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (internal quotation marks omitted)).

6

evidence is a question of law for the court to decide, as it must determine whether a party had notice that evidence would be relevant to litigation and destroyed it anyway.[30]

Dr. Bosch's report amounts to a legal conclusion because he concludes that the store spoliated evidence. Dr. Bosch has no legal training to determine whether spoliation occurred, and each of his three conclusions regarding the application of the term (as defined in Black's Law Dictionary) to the ASTMs, is properly the province of the court, not an expert. Because Dr. Bosch's report does not contain other conclusions regarding the evidence in this case, I conclude that it is not relevant and would not assist the court in resolving the issues at trial. For this same reason, I need not consider the defendant's arguments about the unreliability of Dr. Bosch's conclusions. I also decline to address Albertson's challenges to conclusions 6.4 and 6.5 as these are not opinions based on "scientific, technical, or other specialized knowledge."[31] They are instead Dr. Bosch's assertions that he will supplement the report if and when he tests the slip resistance of the remaining tiles.[32] Thus, I grant Albertson's motion to strike Dr. Bosh's report and testimony.

**B.      The court has already determined that no spoliation occurred in this case.**

Westenberger's attempt to use Bosch's opinion that the store impermissibly destroyed the floor tiles as a substitute for negligence evidence also ignores the fact that the spoliation issue has already been decided in this case. After a hearing in July of this year, the magistrate judge denied Westenberger's spoliation motion and request for an adverse inference. She concluded

---

[30] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)) (providing that a party engages in spoliation of evidence "as a matter of law only if [it] had 'some notice that the [evidence was] potentially relevant' to the litigation before [it was] destroyed").

[31] Fed. R. Evid. 702(a).

[32] ECF No. 34-11 at 17.

7

that, although Albertson's may have destroyed the evidence by removing the subject tiles, it lacked the requisite culpable mental state because Westenberger's letter did not give Albertson's notice that her negligence claim involved the condition of the tiles themselves.[33] Westenberger did not challenge that ruling. So Westenberger cannot rely on the destruction of the flooring to backfill any missing element of her claim.

### C. Albertson's is entitled to summary judgment on Westenberger's sole negligence claim.

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[34] If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[35] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[36]

Westenberger's only cause of action here is for Albertson's alleged negligence in creating the hazardous condition that caused her to slip and fall and sustain injuries. A business owner or occupant of a property has a duty to keep its property in a "reasonably safe condition for use" by

---

[33] ECF No. 41.

[34] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[35] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[36] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

8

its customers.[37]  "Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care."[38]  If someone other than the business or its employees caused the foreign substance to be on the floor, the injured customer must show that the business "had actual or constructive notice of the condition and failed to remedy it."[39]

Westenberger claims that the store caused a "slick substance to exist on the floor,"[40] without further explanation.  The store argues that Westenberger cannot establish a breach because she doesn't know what caused her to fall.[41]  It points to the statements of three of its employees—all of whom stated that they responded to the incident but did not see a spill, debris, or anything else that could have caused Westenberger to fall.[42]  And Westenberger herself testified that she also did not see anything when she was on the floor because she was in too much pain to look around.[43]  She maintains that, if she had seen something, she would have avoided it, so the fact that she didn't see something doesn't mean that nothing was there.[44]  The pictures that Westenberger attaches to her opposition do not show a "slick liquid substance" or any other substance.[45]  There are skid marks and other markings on the floor, but no liquid is

---

[37] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).
[38] *Id.*
[39] *Id.*
[40] ECF No. 27-2 (complaint).
[41] ECF No. 27.
[42] ECF Nos. 27-5, 27-6, 27-7.
[43] ECF No. 32.
[44] *Id.*
[45] ECF No. 32-2; *cf.* ECF No. 27-4.

discernible. Nonetheless, and though neither she nor any observer that day was able to locate a slippery spot on the floor, she theorizes that a "slick liquid substance on the floor" caused her to fall.[46]

Westenberger attempts to supply the missing evidence by arguing that the condition of the tile contributed her injury and that she is entitled to an adverse inference based on the store's removal of the tiles during the remodel.[47] But, as explained above, Westenberger cannot rely on spoliation theory as an evidence substitute under these circumstances. She also argues that the jury should decide whether Albertson's had constructive notice of purported hazardous conditions, pointing to a sweep log and video that show that the last sweep occurred 45 minutes before her fall and did not include the area in which she fell.[48] But even if Westenberger could show that the store failed to properly sweep the area, the complete absence of evidence of what, if anything, she slipped on makes it impossible for a jury to conclude that a sweep would have prevented her fall. Because Westenberger has not shown and cannot demonstrate that the store caused a slippery condition on the floor or knew or should have known that a hazardous condition existed before her fall, she cannot prove the breach and causation elements of her lone negligence claim.

## Conclusion

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment **[ECF No. 27] is GRANTED**.

It is further ordered that defendant's motion to strike **[ECF No. 34] is GRANTED**.

---

[46] *Id*.

[47] ECF No. 32 at 7–8.

[48] *Id*. at 9.

The Clerk of Court is directed to ENTER JUDGMENT in favor of the defendant and CLOSE THIS CASE.

Dated: October 29, 2019

_____
U.S. District Judge Jennifer A. Dorsey